CARROLL, Judge.
Appellee Morton Rosenblum secured a medical expense policy from the appellant insurance company. The policy covered him and his wife. It made provision for adding other members of the family, more than 14 days old, through application and for additional premium.[1] An exception excluded correction of a congenital anomaly of a “Dependent insured under the Policy,” but an exception to that exception provided that such would not be excluded as to a child born while the policy was in force for the parents.[2]
While the'policy was in effect and insured the husband and wife, a child was bom with a congenital anomaly. Treatment failed to remedy the condition, and the child succumbed a week after birth. Rosenblum sued for medical expense incurred, contending the week-old child had been covered by the policy. The company answered disclaiming liability. The court granted summary judgment for the plaintiff and the defendant appealed.
The case turns on a construction of the policy. The trial court interpreted the exception to the exception to bring the child into the status of an insured. We can not agree. The meaning ascribed by the appellant to the disputed provisions gives the policy simplicity and coherence. The meaning assigned by the trial court produces illogical conflict in provisions for coverage. Appellant’s contention is that a member of the family (child over 14 days old) may be added as an “insured” under the policy on application and for a premium, but that in case of such an added “Dependent insured” child the cost of correction of any congenital anomaly it may have will be excluded unless the insured child is one which was bom while the parents were covered by the policy. The construction urged by the appellee and applied by the trial court is that the exception relied upon negatives and replaces the provision by which children under 14 days old were not eligible to be added to the policy; and that the policy was intended to insure any child born to the parents during the existence of the policy, provided the child *128 has a congenital anomaly, without the need for the child to live 14 days, dispensing with the requirement to make an application and without .requiring payment of an added premium.
It is clear on the face of the policy that when it was issued it covered only the insured Morton Rosenblum and his wife. And it is clearly expressed in the policy, that in order to be entitled to the benefit of the provision for extension of the policy to other members of the family, the dependent or “family member” must have attained the age of 14 days. Also, before other members of the family would be covered by the policy, application therefor was necessary, and an additional premium was charged. Those conditions were not met. The child did not live to be 14 days old. No application was made to bring it under the policy. The exception to the exception, which the plaintiff relied on and which the trial court felt applied, was not a provision to define or designate persons covered by the policy, but dealt with whether treatment for a particular ailment would be compensable as to certain persons or children who were insured by having met the coverage, requirements of the policy.[3]
The fact that the child involved here was born while this policy was in effect for the parents did not of itself dispense with the express requirements for coverage of the individual child. Again, it must be observed that the exception relied on by the plaintiff to create coverage dealt only with dependents insured under the policy, and, unfortunately, this child was not a member of the family for whom the policy had been extended as provided for.
For the reasons stated we must reverse the judgment and remand the cause with directions to dismiss the complaint.
Reversed and remanded.

. “ELIGIBILITY FOR AND TERMINATION OF INSURANCE FOR MEMBERS OF THE FAMILY
“ ‘Eligible member of the Insured’s family’ wherever used in this Rider means the Insured’s spouse or any dependent unmarried child of the Insured or spouse over the age of 14 days and under the age of 23 years. Any person becoming an eligible member of the Insured’s family may, upon application of the Insured, be added to the family group originally covered hereunder as of the date such ap-lication is received by the Company or its authorized agent, except that if an additional premium is payable for such person to be so added, the Insured must also furnish evidence of insurability acceptable to the Company, and, if such new member is acceptable such person shall become a covered member on tbe date such application is so approved or on the date the Insured pays the required additional premium, whichever is the later.”

. “EXCEPTIONS
“This Policy does not cover expenses incurred because of:
* * # * Hs * *
“ADDITIONAL EXCEPTIONS
“With respect to the coverage provided under this Rider, the Part of the Policy captioned ‘Exceptions’ shall be amended to include the following:
“ (8) Correction of a congenital anomaly of a Dependent insured under the Policy, except coverage shall apply to a child born while this coverage is in force for both the Insured and Spouse, or”

. As such, the exception clause had ample room for usefulness. For example, if a child over 14 days old should he added as a member of the family covered by the policy upon due application and payment of an added premium, and that child had a *129 congenital anomaly, medical expense incident to the treatment thereof would be excepted from coverage, unless that child was one which had been born of the insured parents while the policy was in effect.